**In the United States District Court
for the District of Kansas**

---

Case No. 22-cv-02177-TC-GEB

---

BRENDA MILLER, INDIVIDUALLY AND ON BEHALF OF WILLIE MCINTOSH,

*Plaintiffs*

v.

TRADERS INSURANCE COMPANY,

*Defendant*

---

**MEMORANDUM AND ORDER**

Plaintiffs Brenda Miller and Willie McIntosh filed this suit in the District Court of Wyandotte County, Kansas, against Defendant Traders Insurance Company, alleging a breach of an insurance contract for injuries sustained in a motor vehicle collision. Traders removed to federal court, Doc. 1, asserting diversity jurisdiction. Plaintiffs moved to remand, Doc. 6, arguing that the amount in controversy cannot sustain federal diversity jurisdiction. For the following reasons, the motion to remand is granted.

**I**

**A**

Federal courts have limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see* U.S. Const. art. III, § 2. For federal district courts, that means they may not exercise judicial power absent statutory authority to do so. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005)). Consequently, federal courts have an independent obligation to ensure that subject-matter jurisdiction exists in each of their cases, *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 438 (2011), and must promptly dismiss or remand any "proceeding[] in which it becomes apparent that jurisdiction is lacking." *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521

1

(10th Cir. 1991) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)); *accord* Fed. R. Civ. P. 12(h)(3). The party invoking the federal court's jurisdiction—here, by way of removal—bears the burden of establishing by a preponderance of the evidence that jurisdiction is proper. *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013); *but see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (declining to endorse the presumption against jurisdiction "in mine-run diversity cases").

Congress has given lower federal courts original jurisdiction to hear two general types of cases. *Home Depot*, 139 S. Ct. at 1746; *see also Allapattah Servs.,* 545 U.S. at 552. One type is those cases that "arise under" federal law. *See* 28 U.S.C. § 1331. Another is those disputes whose amount in controversy exceeds $75,000 and whose parties hold diverse citizenship. 28 U.S.C. § 1332(a).

Even for suits initially filed in state court, Congress has permitted removal to federal court in certain limited situations. *See generally Lincoln Prop. Co. v. Roche*, 546 U.S. 71, 83 (2005). Specifically, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). But any doubts concerning remand should be "resolved against federal jurisdiction." *See Bd. of Cnty. Comm'nrs of Boulder Cnty. v. Suncor Energy*, 25 F.4th 1238, 1250 (10th Cir. 2022) (quoting *United States ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1280 (10th Cir. 2001); *see also Robertson v. Big Blue Healthcare, Inc.*, 523 F. Supp. 3d 1271, 1275–76 (D. Kan. 2021) (quoting *Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999)).

**B**

This dispute arose out of a car accident in Kansas City, Kansas. Brenda Miller and Willie McIntosh allege that they were driving in a parking lot when an uninsured motorist pulled out of a parking space and collided with them. Doc. 1-1 at ¶¶ 5–7. Both Miller and McIntosh suffered injuries as a result. *Id.* at ¶¶ 13–14.

Miller was insured through Traders Insurance Company. Doc. 1-1 at ¶ 9. Her policy included uninsured motorist coverage, limited to $25,000 per person, with a total limit of $50,000 per occurrence. Doc. 6 at 19. Miller submitted a claim for uninsured motorists benefits under the policy, and Traders refused to pay the full coverage amount. Doc. 1-1 at ¶ 17.

Miller filed suit against Traders in the District Court of Wyandotte County, Kansas, asserting that Traders breached its insurance contract by not paying the uninsured motorist benefits. Doc. 1 at ¶ 1. In her Petition, Miller asked the state court for a judgment amount "that is fair and reasonable and exceeds Seventy-Five Thousand Dollars ($75,000), for their attorney's fees, their costs incurred herein, and for such other and further relief as the court deems just and proper." Doc. 1-1 at 5.

Traders timely removed to federal court pursuant to 28 U.S.C. § 1446(b), alleging that diversity jurisdiction exists. Doc. 1 at ¶¶ 1–2. As relevant here, Traders asserts that the amount in controversy exceeds $75,000. *Id.* at ¶¶ 3; 6; *see* 28 U.S.C. § 1332 (providing federal jurisdiction for diversity cases in which the amount in controversy exceeds $75,000).

Miller timely filed a motion to remand. She argues that the amount in controversy cannot and does not exceed $75,000—despite the Petition's prayer for relief. Doc. 6 at 4. Specifically, the insurance policy on which she bases her claim limits the benefits that she and McIntosh can recover to $50,000 total. *Id.*; Doc. 10 at 2 (acknowledging counsel "mistakenly indicated in its prayer that [Miller was] seeking an amount exceeding $75,000 . . . ."). Traders opposes the request for remand. It does not dispute that Miller's contractual damages are below the jurisdictional threshold but argues that the amount in controversy is determined only by what Miller pled in her Petition. Doc. 8 at 3–4.

## II

Miller's motion to remand is granted. The insurance policy at issue limited the recoverable uninsured-motorist amount to $50,000 per accident. Federal jurisdiction may not be predicated on an error where it appears to a legal certainty that the claims will not approach, much less exceed, the jurisdictional amount.

In general, to satisfy the amount in controversy to confer federal jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Id.* at 84 (quoting § 1446(c)(2)). But "where insurance coverage is denied, the maximum 'amount in controversy is the maximum limit of the insurer's liability under the policy.'" *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d

1269, 1271 (10th Cir. 1998) (quoting *Farmers Ins. Co. v. McClain*, 603 F.2d 821, 823 (10th Cir. 1979)); *see also* 14AA Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3710 (4th ed. 2022) (citing cases in support of the rule that where a claim for damages "exceeds the policy limits, the maximum limit of the insurer's liability under the policy for the particular claim is the measure for determining whether the statutorily required amount in controversy is satisfied").

Traders has not demonstrated that the amount in controversy exceeds $75,000. There is no dispute that the insurance policy limit is capped at $25,000 per person or $50,000 per accident. Doc. 6 at 16–17. Although Plaintiffs requested an "amount that is fair and reasonable and exceeds Seventy-Five Thousand Dollars ($75,000), for their attorney's fees, their costs incurred herein, and for such other and further relief as the court deems just and proper," Doc. 1-1 at 5, the subsequent filings acknowledged that this was a mistake on counsel's part because the contract precluded more than $50,000 in damages.[1] And Traders does not claim otherwise. Doc. 6 at 16; Doc. 10 at 2. In other words, diversity jurisdiction is lacking in this case because there was never a good-faith basis to believe that Plaintiffs could ever recover more than $50,000 in this lawsuit.

---

[1] Attorney fees can be considered when evaluating whether the jurisdictional threshold has been exceeded. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998); *see also Lininger v. State Farm Fire & Cas. Co.*, 958 F. Supp. 519, 520 (D. Kan. 1997). Yet neither Miller nor Traders mention them in their respective briefs, nor do they argue that they are recoverable in this suit. *Compare* Doc. 6 *with* Doc. 8, *and* Doc. 10. Miller has explicitly stated she only seeks $50,000 and has not proffered a dollar amount for attorney fees or the basis for her claim. Although a Kansas statute allows recovery of attorney fees where there is evidence of bad faith, *see* K.S.A. 40-256, neither party has alleged that there are facts in this action that would support recovery of fees under that statute, *see Hofer v. Unum Life Ins. Co. of America*, 441 F.3d 872, 884 (10th Cir. 2006) (finding that where a good faith legal controversy exists regarding liability, attorney fees will be denied), or, even if available, that the amount of those fees would push the amount in controversy above $75,000. *Contra Miera*, 143 F.3d at 1340 (holding where plaintiff alleges attorney fees in a specific dollar amount, the jurisdictional threshold was met). Accordingly, the Petition's request for unspecified attorney fees is not being considered. *Cf. Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1217 (10th Cir. 2003) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Fed. Prac. & Proc. § 3702 (3d ed. 1998) ("Generally, dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery . . . .")).

Traders nonetheless argues that the Petition's express request for relief in excess of $75,000 must be accepted for jurisdictional purposes regardless of the limitation of liability on the policy it issued. Doc. 8 at 3. Not so. Diversity jurisdiction is lacking where an insurance contract's policy limits are under the jurisdictional threshold. *See, e.g.*, *Washington v. Bristol West. Ins. Grp.*, Case No. 20-389-HAB, 2021 WL 84530, at *2, (N.D. Ind. Jan. 11, 2021); *Loya Ins. Co. v. Loya-Gutierrez*, Case No. 20-0433-JAP, 2021 WL 24574, at *3–4 (D.N.M. Jan. 4, 2021); *Chicago's Preschool Acad. of Learning, Inc. v. West Bend Mut. Ins. Co.*, Case No. 20-4044-JFK, 2020 WL 5702145, at *4 (N.D. Ill. Sept. 24, 2020). And *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000), confirms this point. *Contra* Doc. 8 at 3. There, the Tenth Circuit held that a plaintiff's prayer for relief "alone can be sufficient to make" a showing of the amount in controversy but explained that for this to be true there must also be sufficient facts alleged to support the amount of damages being sought. *Id.* at 1183. The contract at issue in this case precludes that belief.

It is true that "the jurisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006) (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)). But that is not what happened here. There are no subsequent facts at play: the contract on which Plaintiffs base their breach claim has always limited damages to a sub-jurisdictional amount, despite the error in the Petition. At the time of removal, diversity jurisdiction was therefore lacking. *See Narvaez*, 149 F.3d at 1271; *see also McClain*, 603 F.2d at 823. A contrary rule—blindly following a litigant's request for damages greater than available—would be akin to granting litigants the power to confer subject-matter jurisdiction by agreement. No such power exists. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

### III

For the foregoing reasons, Miller's motion to remand, Doc. 6, is GRANTED. The Clerk of Court is directed to remand the case to the District Court of Wyandotte County, Kansas.

It is so ordered.

Date: July 14, 2022                              s/ Toby Crouse
                                                 Toby Crouse
                                                 United States District Judge

5